**Jordan D. Hankey (Bar #266995)**
**Law Office of Jordan D. Hankey**
903 State Street, Suite 205
Santa Barbara, CA 93101
Telephone: (805) 682-3352
Fax: (805) 687-5490
E-mail – jdhankeylaw@gmail.com

Attorneys for Plaintiff Michael B. Stoker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. STOKER,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW R. WHEELER, DOUGLAS BENEVENTO, RYAN JACKSON, CORRY SCHIERMEYER; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF MICHAEL B. STOKER' COMPLAINT FOR DEFAMATION**<br><br>District Judge:<br><br>Magistrate Judge: |

Plaintiff Michael B. Stoker (hereinafter referred to as "Plaintiff Stoker") hereby alleges the following:

## THE PARTIES

1. Plaintiff Stoker, an adult citizen, is a resident of the State of California.

2. Defendant Andrew R. Wheeler (hereinafter referred to as "Defendant Wheeler"), an adult citizen, is a resident of the State of Virginia.

3. Defendant Douglas Benevento (hereinafter referred to as "Defendant Benevento"), an adult citizen, is a resident of the State of Colorado.

1
COMPLAINT FOR DEFAMATION

4. Defendant Corry Schiermeyer (hereinafter referred to as "Defendant Schiermeyer"), an adult citizen, is a resident of the State of Texas.

5. Defendant Wheeler, Defendant Benevento, Defendant Jackson and Defendant Schiermeyer together shall be referred to hereafter as "Defendants."

6. The true names and capacities of the defendants DOES 1 through 20, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiff Stoker, who therefore sues said defendants by such fictitious names. Plaintiff Stoker will seek leave of court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 20, inclusive, when the same have been ascertained.

7. Plaintiff Stoker is also informed and believes and thereon alleges that DOES 11 to 20 were the agents, principals, and/or alter egos of Defendants, at all times herein relevant, and that they are therefore liable for the acts and omissions of Defendants.

## JURISDICTION & VENUE

8. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff Stoker's claims based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391, and this Court has personal jurisdiction over Defendants and each of them, by reason of the fact that, among other things, a substantial part of the events or omissions giving rise to the claim occurred in California, including within the County of Los Angeles.

## FACTUAL BACKGROUND

10. Effective May 20, 2018, Plaintiff Stoker was appointed as the United States Environmental Protection Agency's (hereinafter referred to as "EPA") Regional Administrator for Region 9.  As a member of the EPA's Senior Executive Service, Plaintiff Stoker was entitled to Federal Benefits that included, but was not limited to: earning 8 hours of annual leave and 4 hours of sick leave per pay period; 10 paid Federal holidays per year; National recognized health insurance model that offers

choice and flexibility along with substantial employer contributions to premiums; Group term life insurance program; Long-term care insurance program; Federal Employees Retirement System coverage; and Thrift Savings Plan, a self-directed retirement savings program with multiple investment option.

11. At the time of Plaintiff Stoker's appointment his supervisor was then EPA Administrator E. Scott Pruitt.

12. Then, on July 8, 2018, Defendant Wheeler became the EPA's acting Administrator and Plaintiff Stoker's supervisor.

13. At all relevant times, Plaintiff Stoker diligently and prudently carried out all duties and functions as the EPA's Regional 9 Administrator. He was never orally reprimanded or written up for job performance related issues.

14. At all relevant times, the EPA had Travel Guidance Rules that must be adhered to and followed by all EPA employees. These rules required that all travel must first be approved by the Deputy Regional Administrator or the Assistant Regional Administrator, and then also approved by the EPA's Travel Office located in Cincinnati.

15. Each and every instance of travel taken by Plaintiff Stoker was approved by either the Deputy Regional Administrator or the Assistant Regional Administrator, and the EPA's Travel Office located in Cincinnati.

16. Defendants were aware of the Travel Guidance Rules, knew those rules were being enforced and knew there was no travel Mr. Stoker was involved with that violated those rules.

17. Further, on several occasions during Plaintiff Stoker's employment with the EPA Defendant Jackson repeatedly and publicly maintained that Plaintiff Stoker's travel was a required part of his job, which he was performing satisfactorily. Defendant Jackson responded to several news agencies and reported that Plaintiff Stoker's frequent travel was expected of him, that he had no issues regarding his travel and that his work was "very portable."

18. On February 5, 2020, Defendant Benevento and Defendant Jackson contacted Plaintiff Stoker on the phone and terminated his employment with the EPA. When Plaintiff Stoker asked for the reason for his termination, a long silence ensued followed by an explanation that "…this wasn't personal." Both Defendant Benevento and Defendant Jackson could not articulate a reason for Plaintiff Stoker's termination when given the opportunity.

19. Shortly after Plaintiff Stoker's termination, and despite all of his travel being approved by the EPA, the Defendants either prepared, approved of, or made false and injurious statements about Plaintiff Stoker that were publicly transmitted to several national news agencies.

20. On February 6, 2020, Defendants recklessly and knowingly reported falsehoods concerning Plaintiff Stoker that include, but are not limited to:

"…Mike was too interested in travel for the sake of travel and ignored necessary decision making required of a regional administrator." "Although EPA leadership repeatedly requested Mike to simply conduct the basic responsibilities of his job, we regretfully and ultimately after many requests ***had to relieve him for severe neglect and incompetent administration of his duties.*** " "His (Plaintiff Stoker's) excuses and stories are simply all made up, and we cannot allow them to go without response."

21. In the days and weeks that followed, and as a result of relying on Defendants' statements issued February 6, 2020, several news agencies made reports that damaged Plaintiff Stoker's reputation, presented him in a false light that resulted in disparaging his good name and reputation, and caused him emotional distress and economic loss.

22. Defendants' statements concerning Plaintiff Stoker were prepared, approved of and made with malice as they were knowingly untrue and intended to harm Plaintiff Stoker. To wit, just hours before Defendants reported falsehoods about Plaintiff Stoker, a news reporter with a national publication spoke with EPA Spokesman Michael Abboud. Mr. Abbound was specifically asked, "[w]as travel any part of the

reason for Mr. Stoker's termination?" To which Mr. Abboud responded, "[a]bsolutely not."

## FIRST CAUSE OF ACTION
## DEFAMATION (Against all Defendants)

23. Plaintiff Stoker incorporates herein by reference hereto the allegations of paragraphs 1 through 22 above as if more fully set forth herein at length.

24. On February 6, 2020, Defendants prepared, approved of, made and intentionally caused to be published several false and unprivileged statements about Plaintiff Stoker.

25. It was reasonably understood by those who read or heard Defendants' defamatory statements that they were about Plaintiff Stoker.

26. These statements had a tendency to, and did, directly injure Plaintiff Stoker in his office, profession and trade.

27. Both on their face, and because of the facts and circumstances known to persons who read or heard the statements, it was reasonably understood that Defendants meant to convey that Plaintiff Stoker is a fraud, a liar, someone who should not be trusted, and someone who is neglectful and incompetent in the administration of his duties. Defendants' statement exposed Plaintiff Stoker to hatred, contempt, ridicule, and shame, and discouraged others from associating or dealing with him.

27. Defendants' statements about Plaintiff Stoker were false.

28. Defendants, each of them, knew that the published statements about Plaintiff Stoker where false at the time they were prepared, approved of and made.

29. Defendants, each of them, in intentionally making false and harmful statements that had the tendency to injure Plaintiff Stoker, were not acting within the course and scope of their employment.

30. Defendants, each of them, in making the defamatory statements acted with malice, oppression, or fraud, and are thus responsible for punitive damages in an amount to be proven at trial according to proof.

31. Further, and as a result Defendants' false statements Plaintiff Stoker has suffered damages in an amount to be proven at trial according to proof, including but not limited to, harm to his reputation, emotional harm, exposure to contempt, ridicule, and shame, lost income, lost earning capacity and other economic loss.

**WHEREFORE**, Plaintiff Stoker demands judgment against Defendants of an amount greater than $75,000.00 to be determined at trial, plus costs, pre-judgment interest, post-judgment interest, and for any further relief that this Honorable Court deems appropriate.

### PRAYER FOR RELIEF

1. For Judgment in favor of Plaintiff and against all Defendants;
2. For damages in an amount to be proven at trial;
3. For punitive damages;
4. For pre-judgment and post-judgment interest;
5. For costs of suit; and
6. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes so triable.

Dated: January 27, 2021        LAW OFFICE OF JORDAN D. HANKEY

By:   /s/ *Jordan D. Hankey*
      Jordan D. Hankey, Attorney for Plaintiff
      Michael B. Stoker