**Jordan D. Hankey (Bar #266995)**
**Law Office of Jordan D. Hankey**
903 State Street, Suite 205
Santa Barbara, CA 93101
Telephone: (805) 682-3352
Fax: (805) 687-5490
E-mail – jdhankeylaw@gmail.com

Attorneys for Plaintiff Michael B. Stoker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL B. STOKER,**<br><br>    Plaintiff,<br><br>vs.<br><br>**ANDREW R. WHEELER, DOUGLAS BENEVENTO, RYAN JACKSON, CORRY SCHIERMEYER; and DOES 1 through 20, inclusive,**<br><br>    Defendants. | Case No. 2:21-cv-00733-JAK-E<br><br>**NOTICE OF PLAINTIFF MICHAEL B. STOKER'S OPPOSITION AND OBJECTION TO DEFENDANT'S NOTICE OF SUBSTITUTION**<br><br>District Judge: John A. Kronstadt |

Plaintiff Michael B. Stoker (hereinafter referred to as "Plaintiff Stoker") hereby opposes, and objects[1] to, the United States of America's Notice of Substitution, filed on April, 21, 2021.

## BACKGROUND

Plaintiff Stoker filed his Complaint on January 27, 2021. Thereafter, he attempted to have served Defendants Andrew R. Wheeler, Douglas Benevento, Ryan Jackson and Corry Schiermeyer. Defendant Benevento was personally served on April

---
[1] Plaintiff Stoker's Objection is attached hereto as Exhibit A

1
NOTICE OF OPPOSITION AND OBJECTION TO NOTICE OF SUBSTITUTION

8, 2021, in Lone Tree, Colorado. Defendant Wheeler was personally served on April 15, 2021, in Alexandria, Virginia. Defendant Jackson has been actively evading service and Defendant Schiermeyer has not been served despite multiple attempts.

Then, on April 21, 2021, the United States of America filed a Notice of Substitution naming itself in place of the four (4) individually named Defendants.

## ARGUMENT
## The United States of America failed to Comply with
## the Express Language of 28 U.S.C. § 2679(d)

28 U.S.C. § 2679(d)(1), holds that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident…" the United States shall be substituted as the party defendant.

In its April 21, 2021, filing the Attorney General did not make the requisite Certification as this was done by Assistant United States Attorney David M. Harris. For this reason alone, the sought after Substitution and Proposed Order should not issue.

### The 28 U.S.C. § 2679(d)(1) Certification lacks Foundation & Specificity

Federal Rules of Civil Procedure, Rule 8, requires the pleadings of the Parties to be concise and direct. Further, Case Law holds that the sufficiently of a Complaint turns not on whether the alleged conduct is unlikely, but on whether the complaint contains sufficient nonconclusory factual allegations to support a reasonable inference that the conduct occurred. (*See Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (U.S. May 18, 2009). However, the United States of America does not hold itself to the same standard as the Certification made by Assistant United States Attorney David M. Harris contains nothing more than the conclusory allegation that "…defendants Andrew R. Wheeler, Douglas Benevento, Ryan Jackson, and Corry Schiermeyer, were

acting within the course and scope of employment with the United States at all times material to the incidents alleged in the Complaint."

Mr. Harris fails offer any evidence in support of his conclusion. Further, Mr. Harris fails to lay any foundation in support of this conclusion and simply states he read the Complaint and makes his Certification based on the information now available to him.

Plaintiff Stoker and this Honorable Court have no idea what information Mr. Harris had before him at the time of making his Certification. Did Mr. Harris speak with the four (4) individually named Defendants? Did Mr. Harris review Plaintiff Stoker's Employee file? What, if any, documents and evidence did Mr. Harris review before concluding that the four (4) individually named Defendants were within their course and scope of employment at all relevant times?

Mr. Harris's Certification should be disregarded as it lacks foundation and fails to demonstrate any facts in support of its conclusory allegation, which directly contradicts the specific facts pled in Plaintiff Stoker's Complaint.

**The United States of America's Conclusory Certification, if accepted, would violate Plaintiff Stoker's Due Process Rights**

The Fifth Amendment to the United States Constitution ensures that its citizens' life, liberty and property will not be taken without due process of law.

Plaintiff Stoker's Complaint alleges that the four (4) individually named Defendants intentionally published, via the national media, statements that they knew were false at the time they were made, and that these statements have affected Plaintiff Stoker's ability to earn income.

Plaintiff Stoker is well aware that the United States of America, should it get its substitution, will quickly move to dismiss his Complaint for lack of subject matter jurisdiction as the Federal Tort Claims Act expressly precludes claims for defamation. Therefore, Mr. Harris' stroke of the pen Certifying that the four (4) individually named

Defendants were within course and scope of employment effectively throws Plaintiff Stoker's due process rights to the wayside.

In observance of Plaintiff Stoker's Constitutional Right to due process of law, we respectfully request that this Court reject the proposed Substitution. Alternatively, we request that this matter be Ordered for Hearing with a briefing schedule. Any refusal to allow Plaintiff Stoker to be heard on this critical and keystone issue will violate his due process right.

### Course and Scope should be Determined by a Jury

There are strong policies of determining cases on their merits and accepting the allegations of a Plaintiff's Complaint as true. Further, it is well established that, "[i]f a government employee acts outside the scope of his employment when engaging in tortious conduct, an action against the United States under the FTCA will not lie." (Folley v. Henderson, 175 F. Supp. 2d 1007, 1016 (S.D. Ohio 2001)). Courts usually determine whether a federal employee was acting within the scope of his employment at the time he committed an alleged tort by applying the law of the state in which the tort occurred. Here in California, the question of scope of employment is ordinarily one of fact for the jury to determine." (Mary M. v. City of Los Angeles (1991) 54 Cal.3d 202, 221 [285 Cal.Rptr. 99, 814 P.2d 1341].)

Accordingly, allowing Mr. Harris' conclusory Certification to definitively find that the four (4) individual Defendants were acting within course and scope of employment not only robs Plaintiff Stoker of his due process, but also robs him of his fundamental right to a trial by a jury.

### CONCLUSION

For all of the reasons stated herein, it is respectfully requested that this Court either refuse to issue the Substitution, or Order a Hearing and Briefing Schedule.

Dated: April 22, 2021          LAW OFFICE OF JORDAN D. HANKEY
                                By:   /s/ *Jordan D. Hankey*
                                      Jordan D. Hankey, Attorney for Plaintiff
                                      Michael B. Stoker

# EXHIBIT A

Plaintiff Stoker's Objection to the Certification of David M. Harris

| April 20, 2021, Certification by David M. Harris | Objection | Ruling |
|---|---|---|
| 1. Paragraph 2: "…defendants Andrew R. Wheeler, Douglas Benevento, Ryan Jackson, and Corry Schiermeyer, were acting within the course and scope of employment with the United States at all times material to the incidents alleged in the Complaint." | Lacks Foundation.<br><br>Federal Rules of Evidence, Rule 602. | Sustained _____<br><br>Overruled_____ |