**Jordan D. Hankey (Bar #266995)**
**Law Office of Jordan D. Hankey**
903 State Street, Suite 205
Santa Barbara, CA 93101
Telephone: (805) 682-3352
Fax: (805) 687-5490
E-mail – jdhankeylaw@gmail.com

Attorneys for Plaintiff Michael B. Stoker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL B. STOKER,**<br><br>   Plaintiff,<br><br>vs.<br><br>**ANDREW R. WHEELER, DOUGLAS BENEVENTO, RYAN JACKSON, CORRY SCHIERMEYER; and DOES 1 through 20, inclusive,**<br><br>   Defendants. | Case No. 2:21-cv-00733-JAK-E<br><br>**NOTICE OF PLAINTIFF MICHAEL B. STOKER'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S NOTICE OF SUBSTITUTION**<br><br>District Judge: John A. Kronstadt |

Plaintiff Michael B. Stoker (hereinafter referred to as "Plaintiff Stoker") hereby gives Notice of his Supplemental Opposition to the United States of America's Notice of Substitution, filed on April, 21, 2021.

## BACKGROUND

On April 21, 2021, the United States of America filed a Notice of Substitution naming itself in place of the four (4) individually named Defendants.  On April 22, 2021, Plaintiff Stoker caused to be filed his Notice of Opposition and Objection to Defendant's Notice of Substitution.

## ARGUMENT

### The Attorney General's Decision regarding Course and Scope of Employment is Not Conclusive as it has been Challenged

The Attorney General's decision "is conclusive unless challenged." (See *Saleh*, 848 F.3d at 889 (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) ). "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." (*Green*, 8 F.3d at 698).

Plaintiff Stoker, in submitting his Opposition and Objection to the Notice of Substitution, has effectively challenged the Attorney General's Certification. Therefore, and at the very minimum, Plaintiff Stoker is entitled to a hearing to present evidence to disprove the Attorney General's conclusion that Defendants Andrew R. Wheeler, Douglas Benevento, Ryan Jackson and Corry Schiermeyer were acting within the course and scope of their employment with the United States of America at all times material to the incidents alleged in the Complaint.

### California Law should be Applied when Analyzing the Course and Scope of Employment Issue, which is Typically a Question of Fact for the Jury to Decide

The Westfall Act does not set forth a test to determine whether someone was "'acting within the scope of his office or employment'; rather, Congress intended that courts would apply 'the principles of *respondeat superior* of the state in which the alleged tort occurred' in analyzing the scope-of-employment issue." (See *Saleh*, 848 F.3d at 888 (quoting *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 876 (9th Cir. 1992) ).   In California, the question of scope of employment is ordinarily one of fact for the jury to determine." (Mary M. v. City of Los Angeles (1991) 54 Cal.3d 202, 221 [285 Cal.Rptr. 99, 814 P.2d 1341].)

Plaintiff Stoker requests that this Honorable Court allows a jury to decide whether or not Defendants Wheeler, Benevento, Jackson and Schiermeyer were acting

within the course and scope of their employment at all times material to the incidents alleged in the Complaint.

In the alternative, Plaintiff Stoker requests that any Ordered Hearing on the issue of course and scope of employment be scheduled out far enough to allow for meaningful discovery to be conducted.  Although Plaintiff Stoker already has evidence in support of his contention that the four (4) named Defendants were not acting within their course and scope, he has not had the opportunity to propound written discovery or conduct depositions of the parties and key witnesses.  Plaintiff Stoker also notes that the Environmental Protection Agency has not responded to several Freedom of Information Act requests, one of which remains outstanding since the summer of 2020.

It is imperative that course and scope be determined on its merits after meaningful discovery is conducted on that issue.  Otherwise, Plaintiff Stoker's due process rights will have been infringed.

### The Notice of Substitution Constitutes a General Appearance on the Part of All Individually Named Defendants

Defendants Wheeler and Benevento have been personally served with the Summons and Complaint.  Defendant Jackson has been actively evading service and, despite diligent efforts, Defendant Schiermeyer has not yet been served.  Nonetheless, a general appearance was made on the part of all named Defendants when the United States of America filed its Notice of Substitution and failed to raise any jurisdictional objections.  As such, Plaintiff Stoker seeks an Order or Acknowledgment from this Court that personal service of the Summons and Complaint on Defendants Jackson and Schiermeyer is not required by reason of their general appearance.

Dated: April 23, 2021        LAW OFFICE OF JORDAN D. HANKEY

                                     By:   /s/ *Jordan D. Hankey*
                                            Jordan D. Hankey, Attorney for Plaintiff
                                            Michael B. Stoker