UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | April 28, 2021 |
|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE NOTICE OF SUBSTITUTION (DKT. 8);**

**OBJECTIONS TO NOTICE OF SUBSTITUTION (DKTS. 9, 10)**

On January 27, 2021, Plaintiff Michael B. Stoker ("Stoker") brought this action against Andrew R. Wheeler, Douglas Benevento, Ryan Jackson and Corry Schiermeyer ("Defendants"). Dkt. 1 (the "Complaint"). The Complaint advances a single cause of action for defamation. The allegedly defamatory statements are those made by Defendants following Stoker's termination from the Environmental Protection Agency ("EPA").

On April 20, 2021, the United States filed a notice of substitution pursuant to 28 U.S.C. § 2679(d). Dkt. 8. That notice included a certification by Assistant United States Attorney David M. Harris, acting on behalf of the Attorney General of the United States pursuant to 28 C.F.R. § 15.4. *Id.* at 3. It states that Defendants acted within the scope of their employment in making the alleged statements. *Id.* This certification, if accepted, "transforms an action against an individual federal employee into one against the United States" under the Federal Tort Claims Act. *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017) (quoting *Hui v Castaneda*, 559 U.S. 799, 810 (2010)). If this occurred, it could be dispositive of the claim, because a cause of action for defamation is not exempt from government immunity pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2680(h). *See In re Sealed Case*, 131 F.3d 208, 213 (D.C. Cir. 1997) ("In the class of cases... in which the United States, if substituted, would be immune, certification is tantamount to a final judgment against the plaintiff.") (internal parentheses omitted).

On April 22 and 23, 2021, Plaintiff filed objections to the Notification of Substitution. Dkts. 9, 10. These included two procedural objections to the Harris Certification. *First*, he contends that the certification is ineffective, because 28 U.S.C. § 2679(d) requires the Attorney General to make this determination. This position lacks force, because the Attorney General is statutorily empowered to delegate this authority, 28 U.S.C. § 510, and has done so through 28 C.F.R. § 15.4. *Second*, Plaintiff contends that the Harris Certification does not provide the basis for its conclusions. This position is also unpersuasive, because the process of certification does not impose any initial burden on the Government. Rather, the certification decision is "conclusive unless challenged," and the party seeking review "bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). *Finally*, Plaintiff argues that the substance of the decision reflected in the Harris Certification is in error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | April 28, 2021 |
|----------|------------------------|------|----------------|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

The scope of employment certification is subject to *de novo* judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S 417, 436-37 (1995); *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 875 (9th Cir. 1992). To facilitate this review and to determine whether further proceedings are warranted in this action, the following schedule is adopted: On or before May 11, 2021, Plaintiff shall file a brief, not to exceed ten pages, stating the basis for the position that Defendants were not acting within the scope of their employment when the alleged statements were made. Plaintiff shall also present any evidence to support his position. On or before May 18, 2021, the Government shall file any response, not to exceed ten pages, together with any corresponding evidence. Upon the completion of this briefing, it will be determined whether a hearing is necessary or if the matter will be taken under submission. A ruling on Plaintiff's request for discovery, Dkt. 10 at 3, is deferred until the aforementioned briefing is completed and reviewed.

**IT IS SO ORDERED.**

                                                       _____ : _____

Initials of Preparer      TJ