UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV21-00733 JAK (Ex) | Date | May 24, 2021 |
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION

On January 27, 2021, Michael B. Stoker ("Plaintiff") brought this action against Andrew R. Wheeler, Douglas Benevento, Ryan Jackson and Corry Schiermeyer ("Defendants"). Dkt. 1 (the "Complaint"). The Complaint advances a single cause of action for defamation against all Defendants, and alleges that jurisdiction is proper under 28 U.S.C. § 1332.

The Complaint alleges that: Plaintiff resides in California; Andrew R. Wheeler resides in Virginia; Douglas Benevento resides in Colorado; and Corry Schiermeyer resides in Texas. Residence is not equivalent to citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Further, the Complaint contains no allegations as to the citizenship or residency of Ryan Jackson. Because it cannot presently be determined whether there is jurisdiction in this action, Plaintiff is **ORDERED TO SHOW CAUSE** as to whether there is subject matter jurisdiction.[1] On or before May 28, 2021, Plaintiffs shall submit a memorandum, not to exceed five pages, together with supporting evidence, with respect to that issue. By the same date, Defendants and the United States shall also submit a memorandum, not to exceed five pages, with respect to this issue. Based on a review of those responses, the Court will determine whether any further briefing or a hearing will be necessary as to subject matter jurisdiction.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | TJ | |

---

[1] Although the United States has filed a Notice of Substitution (Dkt. 8) pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), jurisdiction is assessed "at the time it is invoked." *Faysound Ltd. v. United Coconut Chems, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989). "Subsequent events do not confer jurisdiction." *Id.* Although the question of immunity under the Westfall Act raises a "significant federal question," that question was not raised at the "outset" of the case. *Osborn v. Haley*, 549 U.S. 225, 244-45 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-00733 JAK (Ex) | Date | May 24, 2021 |
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |