UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE NOTICE OF SUBSTITUTION (DKT. 8);**

**OBJECTIONS TO NOTICE OF SUBSTITUTION (DKTS. 9, 10)**

**JS-6: CASE TERMINATED**

**I.      Introduction**

On January 27, 2021, Plaintiff Michael B. Stoker ("Stoker") brought this action against Andrew R. Wheeler, Douglas Benevento, Ryan Jackson and Corry Schiermeyer ("Defendants"). Dkt. 1 (the "Complaint"). The Complaint advances a single cause of action for defamation against all Defendants. The allegedly defamatory statements are those made by Defendants following Stoker's termination from the Environmental Protection Agency ("EPA").

On April 20, 2021, the United States filed a notice of substitution pursuant to 28 U.S.C. § 2679(d). Dkt. 8 (the "Notice"). On April 22 and 23, 2021, Plaintiff filed objections to the Notice. Dkts. 9, 10 (the "Objections"). Plaintiff argued that, because Defendants were not acting within the scope of their employment when engaging in the challenged conduct, substitution of the United States as defendant was improper.

On April 28, 2021, the parties were directed to file briefs as to the scope of employment issue, together with any supporting evidence relevant to that issue. Dkt. 12. Plaintiff filed a brief with supporting evidence on May 11, 2021, and the United States filed a reply on May 18, 2021. Dkt. 13 ("Plaintiff's Brief"); Dkt. 14 ("United States' Brief"). On May 28, 2021, Plaintiff filed a notice clarifying jurisdictional allegations in the Complaint. Dkt. 16.

For the reasons stated in this Order, the Objections are **OVERRULED**. Pursuant to the Notice, the United States is substituted as Defendant in this action. Because the Federal Tort Claims Act does not permit Plaintiff to advance a claim for defamation against the United States, this action is **DISMISSED WITH PREJUDICE**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

### II. Factual Background

#### A. The Parties

Plaintiff is a citizen of California. Dkt. 1 ¶ 1; Dkt. 16 at 5. It is alleged that in May 2018, he was appointed as the Environmental Protection Agency ("EPA")'s Regional Administrator for Region 9. Dkt. 1 ¶ 10.

Wheeler is a citizen of Virginia. Dkt. 1 ¶ 2; Dkt. 16 at 5. It is alleged that on July 8, 2018, Wheeler became the EPA's acting administrator and Plaintiff's supervisor. Dkt 1 ¶ 11.

Benevento is a citizen of Colorado. Dkt. 1 ¶ 3; Dkt. 16 at 5. Jackson is a citizen of Washington, D.C. Dkt. 16 at 5. Schiermeyer is a resident of Washington, D.C. and is either a citizen of Texas or Washington, D.C. Dkt. 1 ¶ 4; Dkt. 16 at 5.

The Complaint does not include allegations as to the respective roles of Benevento, Jackson, or Schiermeyer at the EPA. However, Plaintiff submitted evidence identifying Jackson as the Chief of Staff to the EPA Administrator. Dkt. 13-1 ¶ 4. Other evidence submitted by Plaintiff supports the view that Schiermeyer served as the Associate Administrator for Public Affairs. *Id.* at 15.

#### B. Allegations in the Complaint

It is alleged that Plaintiff "diligently and prudently" carried out his role as Regional Administrator, and that all travel during his term was approved through the normal process. Id. ¶¶ 13-15. It is next alleged that when Jackson was asked by news agencies about Plaintiff's travel, Jackson stated that the travel was a required part of Plaintiff's job and that the work was "very portable." *Id*. ¶ 17.

It is then alleged that on February 5, 2020, Benevento and Jackson spoke to Stoker by telephone and terminated his employment during the call. *Id*. ¶ 18. Although they did not state a reason for this decision, it is alleged that they stated it "wasn't personal." *Id*. It is alleged that Michael Abboud, a spokesman for the EPA, told reporters that travel was not the reason that Plaintiff was dismissed from his position. *Id.* ¶ 22. However, it is alleged that Defendants actually made several statements (the "Challenged Statements") to the contrary, including:

> "Mike was too interested in travel for the sake of travel and ignored necessary decision making required of a regional administrator." "Although EPA leadership repeatedly requested Mike to simply conduct the basic responsibilities of his job, we regretfully and ultimately after many requests had to relieve him for severe neglect and incompetent administration of his duties." "His (Plaintiff Stoker's) excuses and stories are simply all made up, and we cannot allow them to go without response."

*Id.* ¶ 20 (emphasis removed).

It is alleged that these statements were false, made with malice and caused emotional, economic and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

reputational damage to Plaintiff. *Id.* ¶¶ 21-22.

      C.      Evidence Submitted by Plaintiff

Plaintiff submitted a declaration providing additional facts. Dkt. 13-1 ("Stoker Decl."). Plaintiff declares that Region 9 is the largest of the ten regional divisions of the EPA, and that he understood "that a condition of [his] employment was a willingness to travel and to spend a vast majority of [his] time in the field." *Id.* ¶¶ 3-4. He further declares that when Benevento and Jackson called him regarding his termination, Jackson stated that Plaintiff had no right to know the reason for his termination. *Id.* ¶ 6.

Plaintiff declares that on the same day, Wheeler issued a statement to Region 9 employees. *Id.* ¶ 7 (the "Wheeler Statement"). This statement, which thanked Plaintiff for his service, was disseminated to several news organizations. *Id.* ¶¶ 7-8. Plaintiff declares that on February 6, 2020, he released a statement to his former staff members. *Id.* ¶ 9 (the "Stoker Statement"). A copy of the Stoker Statement is attached to the Declaration. *Id.* at 9. In the Stoker Statement, Plaintiff stated that an anonymous EPA official had disparaged his collaborative work with Democratic politicians. *Id.* ¶ 9. He also stated that he believed the termination was "100% personal." *Id.*

Plaintiff then declares that, during the evening of February 6, 2020, Defendants issued the Challenged Statements. *Id.* ¶ 10. Plaintiff declares that on several prior occasions, Defendants had told members of the press that Plaintiff's travel was not a concern, but that the Challenged Statements directly contradicted this assertion. *Id.* ¶ 14. He also declares that the EPA's Inspector General assessed Plaintiff's travel schedule and concluded that his travel was appropriate. *Id.* ¶ 17. A copy of the Inspector General's memorandum is attached to the declaration. *Id.* at 11.[1] Plaintiff also declares that Jackson knew all of Plaintiff's travel had been approved pursuant to the normal EPA procedures.

Plaintiff next declares that he has submitted two Freedom of Information Act ("FOIA") requests to the EPA, seeking materials that would substantiate the allegations made in the Challenged Statements. *Id.* ¶¶ 21-22. He declares that he has not received any responses. *Id.* Copies of the FOIA requests are attached to the Declaration. *Id.* at 17-22.

Finally, Plaintiff declares that he has been unable to secure comparable employment since his termination. *Id.* ¶ 24.

      D.      Request for Judicial Notice

As noted, the Complaint does not identify the titles of any Defendant other than Wheeler. However, Defendants state the following as to the positions of each at the EPA: Jackson was the Chief of Staff; Benevento was the Associate Deputy Administrator; and Schiermeyer was the Associate Administrator for the Office of Public Affairs. Defendants seek judicial notice of these job titles, and that all Defendants were employed by the EPA. They state that these facts are supported by news articles and by documents posted on federal government websites.

---

[1] The document attached to the Declaration does not support Plaintiff's assertion that he was exonerated by the Inspector General. It states that the purpose of the memorandum was to gather factual information regarding Plaintiff. Dkt. 13-1 at 11. It also states that it does not "present any conclusions or recommendations." *Id.* However, this discrepancy is not material to the analysis in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

Plaintiff does not dispute that Defendants were employed by the EPA. Furthermore, materials available on government website are a proper subject of judicial notice. *Daniels-Hall v. National Education Association*, 629 F.3d 992, 999 (9th Cir. 2010). Therefore, judicial notice is taken of the fact that all Defendants were federal employees at the time the challenged statements were made.

### III.    Analysis

####     A.    Legal Standards

#####        1.    Certification Under the Westfall Act

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), makes the Federal Tort Claims Act (FTCA) "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hernández v. Mesa*, 140 S. Ct. 735, 748 (2020) (quoting *Hui v. Castaneda*, 550 U.S. 799, 806 (2010)). If a claimant brings an action against an individual federal government employee, the Attorney General is to determine whether the employee acted within the scope of his or her employment. 28 U.S.C. §§ 2679(c)-(d). If the Attorney General certifies that the challenged acts were within the scope of government employment, the action is "transform[ed]…into one against the United States" under the Federal Tort Claims Act. *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017) (quoting *Hui*, 559 U.S. at 810). The United States is then substituted as the defendant. 28 U.S.C. § 2679(d)(1).

The Attorney General's certification decision is "conclusive unless challenged." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (per curiam). If an objection is made, the scope of employment certification is subject to *de novo* judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 436-37 (1995); *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 875 (9th Cir. 1992). The party seeking review "bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green*, 8 F.3d at 698.

If the complaint alleges sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of employment, the plaintiff may obtain limited discovery to resolve factual disputes. *Saleh*, 848 F.3d at 892 (citing *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). The judge is the "appropriate trier of any facts essential to certification." *Id*. at 892 n.11 (quoting *Osborn v. Haley*, 549 U.S. 225, 252 (2007)).

#####        2.    Scope of Employment

######            a)    Choice of Law

Under the Westfall Act, the scope of employment is determined by state law. *Pelletier*, 968 F.2d at 876. In the Ninth Circuit, the applicable law is "generally the *respondeat superior* law of the state in which the alleged tort occurred." *Kashin v. Kent*, 457 F.3d 1033, 1037 (9th Cir. 2006). Although Plaintiff cited California law in his briefs, Defendants note that they resided in Texas or Washington, D.C. at the time the alleged defamation occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

In determining the applicable state law, a federal court ordinarily applies the choice-of-law rules of the State where the action is pending, regardless of whether jurisdiction is based on diversity of citizenship or federal question. *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001). Under California law, "[t]he fact that two or more states are involved does not in itself indicate that there is a conflict of laws problem." *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 919-20 (2001). "If the applicable rules of law are identical, the court may apply California law." *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1454 (2007). But where "the applicable rules of law differ materially," the court considers the interests of the various jurisdictions. *Id.*

Here, neither party has identified a material difference in the *respondeat superior* principles of California, Texas and the District of Columbia. See Dkt. 14 at 5 n.4 ("[T]here is no conflict between the laws of these jurisdictions, because the named employees were acting within the scope of their employment under the laws of all three jurisdictions."). Therefore, California law applies.

        b)      California *Respondeat Superior* Principles

The scope of employment is generally a question of fact, but it becomes a question of law "when the facts are undisputed and no conflicting inferences are possible." *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 213 (1991) (citing *Perez v. Van Groningen & Sons, Inc.*, 4 Cal. 3d 962, 968 (1986)). Under California law, "the scope of employment for *respondeat superior* purposes has been interpreted broadly." *Sharrock v. United States*, 673 F.3d 1117, 1120 (9th Cir. 2012). The California Supreme Court has adopted the following standards:

> An employer is liable for risks arising out of the employment. A risk arises out of the employment when *in the context of the particular enterprise* an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental *to the enterprise undertaken by the employer*. Accordingly, the employer's liability extends beyond his actual or possible control of the employee to *include risks inherent in or created by the enterprise*.

*Farmers Ins. Group v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1003 (1995) (internal citations and quotation marks omitted) (emphasis in original)

Intentional tortious conduct may result in vicarious liability. However, "the employee's [intentional] act must have a 'causal nexus to the employee's work.'" *Montague v. AMN Healthcare, Inc.*, 223 Cal. App. 4th 1515, 1521 (2014) (internal citation omitted). For example, physical assaults "that were not committed to further the employer's interests have been considered outgrowths of employment if they originated in a work-related dispute." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 300-01 (1995) (collecting cases). It is significant that the employee "need not have intended to further the employee's interest." *Id.* at 297; *see also Xue Lu v. Powell*, 621 F.3d 944, 948 (9th Cir. 2010) (California law "looks to the foreseeability of the employee's conduct, whether it be authorized or unauthorized, tortious or criminal"). But when the misconduct "arises out of a personal dispute" or results from a "personal compulsion," there is no vicarious liability. *Lisa M.*, 12 Cal. 4th at 301.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

In *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406 (1976), the Supreme Court of California applied these principles to a cause of action for defamation. *Id.* at 411. There, the plaintiff had requested that Martin Mongan, the Clerk of the City and County of San Francisco, release certain funds deposited with the clerk's office. *Id.* at 410. Mongan did so despite orders to the contrary. When interviewed about the incident by a reporter, Mongan stated that "it was a real con job" and made other disparaging comments about the plaintiff. *Id.* The Supreme Court held that a jury could reasonably find that these statements were within the scope of Mongan's employment and could gave rise to *respondeat superior* liability:

> Mongan held the office of Clerk of the City and County of San Francisco and, as such, had at least implied authority to issue statements to the press and to submit to interviews regarding the operation of the clerk's office, including explanations as to why impounded funds were released without prior court order. The subject of the press interview involved public and official business. Any statements made by Mongan concerning transactions of the clerk's office, while conceivably exculpating Mongan personally to a degree, would also serve the further purpose of informing the press and the public as to whether the clerk's office was performing its public duties in a rational and orderly fashion. While City insists that the sole purpose of the statement in question was for the personal advantage and gain of Mongan, we cannot presume as a matter of law that the statements were of no conceivable benefit to the City, or that their object was solely to save Mongan from personal embarrassment. The jury reasonably could have concluded that responses to press inquiry constituted, as to time, place, and circumstance, responses of a public official regarding his administration of a public office and thus was within the scope of his public employment. An important public purpose is served both by the press inquiry and by the official's response.

*Id.* at 412.[2]

    B.    Application

        1.    <u>Scope of Employment</u>

It is undisputed that the roles and duties of the Defendants involved speaking to the press about EPA staff. Plaintiff concedes that the Wheeler Statement was "typical and broadly incidental to the EPA's business" and that this statement was "customary" of the EPA. Dkt. 13 at 2, 4. Further, the Complaint alleges that Jackson "repeatedly" communicated with news agencies regarding Plaintiff. Dkt. 1 ¶ 17. When an employee's role involves making such public statements about employees, defamation qualifies as a harm that "foreseeably result[s] from the conduct of the enterprise." *Farmers Ins. Group*, 11 Cal. 4th at 1004. *See, e.g.*, *Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1081 (9th Cir. 2003) (defamatory statements made by individual defendants that "concerned matters of interest" to federal entity and its employees were within scope of employment). Although Plaintiff argues that such a finding would implicitly condone defamation, California law is clear that malicious and tortious actions may fall within the scope of employment. This rule does not "excuse[], condone[], or otherwise

---

[2] Although *Sanborn* confirms that a cause of action for defamation may be within the scope of employment, its discussion of the motive-benefit test is no longer relevant because of subsequent changes in California law. *Lisa M.*, 291 Cal. 4th at 297("[T]he motive test, though still the majority rule, has been abandoned in California.") (internal citation and quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | |

'legitimize'" such conduct. *Lisa M.*, 12 Cal. 4th at 300.

Plaintiff next argues that the statements were so factually erroneous that a malicious, personal motive may be inferred. However, malicious and tortious conduct only falls outside the scope of employment if the misconduct is "not engendered by the employment" or not an "outgrowth" of the employment. *Farmers Ins. Group*, 11 Cal. 4th at 1005 (quoting *Carr. v. Wm. C. Crowell Co.*, 28 Cal. 2d 652, 656-57 (1946)). The undisputed evidence shows that the Challenged Statements arose out of Plaintiff's employment at the EPA. The statements were issued almost immediately after his termination, and concerned his job performance. The allegations in the Complaint and the evidence submitted by Plaintiff confirm that his travel history was the subject of press inquiry and of an internal investigation. Although Plaintiff characterizes the Challenged Statements as "personal," he does not provide any basis for this conclusory statement.

Although Plaintiff did not expressly raise this argument, the Stoker Statement accuses Defendants of firing him for political reasons, *i.e.*, for his collaborative relationship with Democratic politicians. Given this context, the Challenged Statements could be viewed as retaliatory. However, adopting that inference in Plaintiff's favor would not show that the Challenged Statements fell outside the scope of employment. Any disagreement with Plaintiff's work with Democratic politicians would necessarily arise out of his work for the EPA. *Cf. Monty v. Orlandi*, 169 Cal. App. 2d 620, 623 (1959) ("It is sufficient…if the injury resulted from a dispute arising out of the employment.").

*Third*, Plaintiff argues that because he was a former employee at the time the challenged statements were made, these acts necessarily fell outside the scope of Defendants' employment. It is undisputed that the challenged statements were made the day after Plaintiff was terminated, and that they concerned his employment with the EPA. California law does not support the view that a dispute is work-related only if it involves current employees. *See Mary M.*, 54 Cal. 3d at 217 (police officer sexually assaulted civilian); *Carr*, 28 Cal. 2d at 653 (contractor threw hammer at subcontractor); *Stansell v. Safeway Stores, Inc.*, 44 Cal. App. 2d 822, 825-26 (1941) (grocery store manager struck and kicked customer). Thus, that Plaintiff was no longer employed by the EPA does not show that the Challenged Statements did not arise out of a work-related dispute.

*Fourth*, Plaintiff emphasizes that the statements were made after normal working hours. Although this timing may be relevant, it is not determinative. *Rodgers v. Kemper Constr. Co.*, 50 Cal. App. 3d 608, 621 (1975) ("[T]he mere fact that the assault occurred after working hours does not compel the conclusion that it occurred outside the scope of employment."). Because the undisputed evidence shows that issuing statements to the press was within the scope of Defendants' employment and the Challenged Statements concerned a work-related dispute, the timing of the Challenged Statements is not a sufficient basis to take them outside the scope of employment. *Lisa M.*, 12 Cal. 4th at 298 (*Rodgers* was correct; although the tortious acts occurred when the employees were off duty, they nevertheless arose out of a work-related dispute).

*Finally*, Plaintiff argues that *Carroll v. Trump*, 498 F. Supp. 3d 422 (S.D.N.Y. 2020), *appeal filed*, No. 20-3978 (2d Cir. Nov. 25, 2020), supports his position. *Carroll* held that certain statements made by then-President Trump did not fall within the scope of his employment. The district court determined that the challenged statements did not relate to the President's official duties, because they concerned "an alleged sexual assault that took place more than twenty years before he took office." *Id.* at 455-56. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | | Date | June 24, 2021 |
|---|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | | |

making this determination, the district court recognized that other statements might warrant a different outcome. *Id.* at 453 ("A comment about government action, public policy, or even an election is categorically different than a comment about an alleged sexual assault that took place roughly twenty years before the president took office."). As noted above, the Challenged Statements only concerned Plaintiff's performance at the EPA. Plaintiff does not, and could not contend that these are analogous to the personal statements at issue in *Carroll*.

        2.      <u>Whether Plaintiff is Entitled to an Evidentiary Hearing or Discovery</u>

Plaintiff also argues that the facts are subject to conflicting inferences and should not be resolved without an evidentiary hearing or a jury trial. This position is not persuasive. Even if all competing inferences were resolved in Plaintiff's favor, the Challenged Statements would not fall outside the scope of employment. Even if the Challenged Statements are construed as a retaliatory response to the Stoker Statement, this would confirm that they arose out of a work-related dispute, *i.e.*, Plaintiff's working relationship with Democratic politicians.

Nor has Plaintiff shown that he is entitled to discovery. "Not every complaint will warrant further inquiry into the scope-of-employment issue." *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003). A plaintiff seeking discovery must allege facts that, if taken as true, would establish that the defendant's actions exceeded the scope of employment. *Saleh*, 848 F.3d at 892. The allegations in the Complaint as to the content of the Challenged Statements and the roles of Defendants at the EPA do not provide a basis to meet this standard.

        3.      <u>Whether Public Policy Supports a Different Outcome</u>

Plaintiff finally argues that applying vicarious liability would be inequitable under these circumstances. He acknowledges that his tort cause of action will be extinguished if the United States is substituted as the Defendant. *See McLachlan v. Bell*, 261 F.3d 908, 912 (9th Cir. 2001) ("[T]he Federal Tort Claims Act excepts from the waiver of sovereign immunity "libel" and "slander[.]"). Because he will be left without recourse for the alleged defamation, Plaintiff argues that the purposes of California's *respondeat superior* doctrine will be frustrated if substitution is permitted.

"[T]he modern justification for vicarious liability is a rule of policy, a deliberate allocation of a risk." *John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 450 (1986). Three particular policy rationales have been identified by California courts:

> (1) [I]t tends to provide a spur toward accident prevention; (2) it tends to provide greater assurance of compensation for accident victims[;] and (3) at the same time it tends to provide reasonable assurance that, like other costs, accident losses will be broadly and equitably distributed among the beneficiaries of the enterprises that entail them.

*Id.* at 451 (quoting *Perez*, 41 Cal. 3d at 967).

*McLachlan* recognized that these principles are not served when a plaintiff's tort claim falls outside the FTCA's limited waiver of sovereign immunity. *See McLachlan*, 261 F.3d at 912 ("Ordinarily a holding that conduct is within the scope of employment has the consequence that an injured plaintiff can, as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-00733 JAK (Ex) | | Date | June 24, 2021 |
|---|---|---|---|---|
| Title | Michael B. Stoker v. Andrew R. Wheeler, et al. | | | |

practical matter, recover against a defendant that is not judgment-proof. Here it has the opposite consequence."). However, the Ninth Circuit has held that applying these policy considerations to treat federal employees differently "would have the effect of nullifying the federal statutes that grant immunity to federal employees so that they can perform their duties without the threat of tort actions." *Wilson v. Drake*, 97 F.3d 1073, 1078 (9th Cir. 1996). Thus, district courts cannot assume that California law would apply differently to federal employees "simply to make certain that the plaintiff would have an available remedy." *Id.*; *see also McLachlan*, 261 F.3d at 912 (whether the substantive cause of action is extinguished "makes no difference to application of the law on scope of employment"). In light of *McLachlan* and *Wilson*, Plaintiff's policy argument fails.

### IV. Conclusion

For the foregoing reasons, Plaintiff has not met his burden to show that the Challenged Statements were not made within the scope of Defendants' employment. Therefore, Plaintiff's challenge to certification fails. Accordingly, the names of Defendants Andrew R. Wheeler, Douglas Benevento, Ryan Jackson and Corry Schiermeyer shall be removed from the caption of this case, and the United States of America shall be substituted as Defendant.

As discussed above, the FTCA's waiver of sovereign immunity does not extend to causes of action for defamation. *See* 28 U.S.C. § 2680(h). Plaintiff acknowledges that he cannot advance his cause of action for defamation against the United States. Dkt. 13 at 3.

"Any claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction." *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004). A dismissal for lack of jurisdiction is ordinarily without prejudice, such that a plaintiff can assert the dismissed claims in a competent court. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). However, dismissal with prejudice is appropriate when the claim is barred by sovereign immunity, because "no other court has the power to hear the case." *Id.* Therefore, this action is **DISMISSED WITH PREJUDICE**.

Within 14 days of the issuance of this Order, following a meet and confer process between counsel for the parties as to the form of a final judgment, Defendant shall lodge a proposed judgment that is consistent with this Order. If Plaintiff consents to the form of the judgment, the submission shall so state. If Plaintiff does not consent, Plaintiff shall timely file any objections to the form of the judgment in conformance with the Local Rules.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | TJ |